NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LORENZO SALHI and SILICON VALLEY SOLUTIONS, INC., <br><br> Defendant. | Civil Action No.: 12-4916 <br><br> **OPINION** |

## I. INTRODUCTION

Before the Court is the motion of Plaintiff PNY Technologies, Inc. ("PNY" or "Plaintiff") for default judgment against Defendant Silicon Valley Solutions, Inc. ("SVS") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 83. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, Plaintiff's motion is granted.

## II. BACKGROUND

This case arises out of a failed business relationship between Plaintiff PNY and Defendants Lorenzo Salhi and his company Silicon Valley Solutions, Inc. As the facts and procedural history are complex, the following is a brief recitation of only the facts necessary to decide this motion. In or around 2011, PNY contemplated hiring Defendant Salhi and his team at SVS. *See* Complaint ("Compl."), ECF No. 1 ¶¶ 25-26. The parties engaged in negotiations and appeared to have reached an agreement (the "Invoice Agreement"), whereby PNY was to pay SVS three installments of $500,000. *Id.* ¶¶ 28-31. PNY made the initial $500,000 payment on August 17, 2011. *Id.* ¶ 33.

1

On April 26, 2012, PNY sent a letter demanding repayment of the $500,000 made pursuant to the Invoice Agreement. *Id.* ¶ 60. On May 22, 2012, Salhi and SVS filed suit against PNY, and other defendants in California state court for various claims including breach of contract, fraud, and unjust enrichment. *See* ECF No. 83-1. The case was tried to a California jury, who returned a verdict in favor of PNY on the basis that the Invoice Agreement was not binding because there was no meeting of the minds as to its terms. *Id.*

PNY then filed suit in this Court on August 6, 2012. *See* Compl. PNY asserts, *inter alia*, a claim for unjust enrichment based on SVS's failure to return the initial $500,000 payment. *See id.* On September 26, 2016, this Court granted a motion by Lum, Drasco & Positan, LLC to withdraw as counsel for Salhi and SVS. *See* ECF No. 79. This Court ordered that SVS retain substitute counsel by November 1, 2016. *See id.* To date, no new counsel has entered an appearance on behalf of SVS. PNY filed a request for default, which was granted by this Court on November 22, 2016. *See* ECF No. 82. On December 9, 2016, PNY filed the instant motion for default judgment. ECF No. 83. Plaintiff seeks the following: (1) repayment of $500,000 for which it alleges SVS has been unjustly enriched; (2) prejudgment interest of $49,518.20 plus $30.82 per diem from January 1, 2017 until the date of the entry of judgment ($5,331.86), totaling $54,850.06; and (3) an entry of post-judgment interest pursuant to 29 U.S.C. § 1961. *See id.*

### III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 55(a) provides that default judgment may be entered against a party that has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Rule 55(b) allows the Court to enter a judgment by default upon application of a party. The Third Circuit has held with respect to Rule 55(a) that "[b]y its very language, the 'or otherwise defend' clause is broader than the mere failure to plead." *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912,

2

917 (3d Cir. 1992). The *Hoxworth* Court also stated that default judgment pursuant to Rule 55 may be imposed for, *inter alia*, failure to comply with a court's order to retain substitute counsel. *Id.* at 918. Accordingly, courts have entered default judgment as a sanction against a defendant even where, as here, an answer has been filed. *See Opta Sys. LLC v. Daewoo Electronics Am.*, 483 F. Supp. 2d 400, 406 (D.N.J. 2007); *Ramada Worldwide v. SB Hotel Mgmt.*, No. 14-2186 (WJM), 2016 WL 5030354, at *2 (D.N.J. Sept. 19, 2016).

"Both the Federal Rules of Civil Procedure and a court's inherent authority to control its docket empower a district court to dismiss a case as a sanction for failure to follow procedural rules or court orders." *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit enumerated six factors a district court must consider before it dismisses a case pursuant to such authority. The Third Circuit has required consideration of these factors "when a district court enters a default judgment pursuant to Rule 55(b) as a sanction for failure to plead or otherwise defend." *Knoll*, 707 F.3d at 409. The factors the court must consider include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to follow the court's order; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868.

## IV.     **DISCUSSION**

Upon consideration of the *Poulis* factors, the Court determines that the sanction of entering default judgment against SVS is appropriate.

First, as to SVS's personal responsibility, it is well-settled that a corporation cannot represent themselves *pro se* and must obtain counsel in federal court. *See Rowland v. California*

3

*Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Here, SVS alone is responsible for its own failure to comply with this Court's September 26, 2016 Order to retain new counsel. As the Third Circuit held, default judgment is an appropriate sanction "for failure to comply with [a Court's] unambiguous orders to obtain substitute counsel." *Hoxworth*, 980 F.2d at 918-19; *see also Ramada Worldwide*, 2016 WL 5030354, at *2.

Second, Plaintiff has been prejudiced by SVS's failure to retain corporate counsel pursuant to this Court's September 26, 2016 Order, because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009); *Ramada Worldwide*, 2016 WL 5030354, at *2.

Third, SVS has shown a history of dilatoriness in that it ignored the Court's September 26, 2016 Order when it failed to retain new counsel to defend this case. Further, the Court held a status conference on November 9, 2016 in which SVS failed to appear. *See* ECF No. 81.

Fourth, the Court may find willfulness or bad faith where no reasonable excuse for the conduct in question exists. *See Harrington v. All American Plazas, Inc.*, No. 08-3848 (JLL), 2010 WL 2710573, at *3 (D.N.J. July 7, 2010). Here, SVS has not offered any excuse regarding its failure to obtain counsel. Co-Defendant Salhi has written to this Court explaining that as an officer of SVS, he believes the case should be directed at SVS rather than himself personally, and that he personally cannot afford to retain an attorney. *See* ECF No. 80. This letter, however, does not offer any reasonable excuse as to SVS, and in fact indicates Salhi believes SVS is the proper defendant in this case.

Fifth, as for alternative sanctions, Courts in this district have found that "[w]here a defendant refuses to comply with court orders, alternative sanctions are likely to be ineffective." *See Harrington*, 2010 WL 2710573, at *3 (citing cases).

Sixth, the Court finds that there is no basis for SVS to claim a meritorious defense, as Plaintiff has provided sufficient evidence that the Invoice Agreement was found unenforceable because there was no meeting of the minds, and that SVS has been unjustly enriched by the initial payment of $500,000. *See* ECF No. 83-1. Further, as this Court previously explained, the remedy for a finding that there was no meeting of the minds is to restore the parties to their original positions, including restitution to the plaintiff "in the amount by which the defendant has been enriched." *See Big M. Inc, v. Dryden Advisory Group*, No. 08-3567, 2009 U.S. Dist. LEXIS, at *82-93 (D.N.J. June 30, 2009). With respect to damages, Plaintiff seeks the following: (1) repayment of $500,000 for which it alleges SVS has been unjustly enriched; (2) prejudgment interest in the amount of $49,518.20 plus $30.82 per diem from January 1, 2017 until the date of the entry of judgment ($5,331.86), which totals $54,850.06; and (3) an entry of post-judgment interest pursuant to 29 U.S.C. § 1961. *See* ECF No. 83-1. The Court grants Plaintiff the following damages: damages in the amount of $500,000, as Plaintiff has provided documentation of payment to SVS for the same, *see* ECF No. 1-1 at 6; prejudgment interest in the amount of $54,850.06 pursuant to New Jersey Court Rule 4:42-11; and post-judgment interest pursuant to 29 U.S.C. § 1961.

## V. CONCLUSION

For the reasons described herein, Plaintiff's motion for default judgment is hereby granted. Default judgment shall be entered, and SVS is liable to Plaintiff in the amount of: (1) $500,000 for damages; (2) $54,850.06 for prejudgment interest; and (3) post-judgment interest pursuant to 29 U.S.C. § 1961. An appropriate Order and Judgment accompany this Opinion.

**Date:** June 22, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.