NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LORENZO SALHI, et al., <br><br> Defendants. | Civil Action No.: 12-cv-4916 <br><br><br> OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court by way of Plaintiff PNY Technologies, Inc.'s ("Plaintiff") motion for partial summary judgment[1] as against Defendant Lorenzo Salhi ("Defendant").[2] (ECF No. 92). Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. After reviewing the submissions made in support of and in opposition to the instant motion and for the reasons set forth below,[3] Plaintiff's motion is granted.

II. **BACKGROUND**

This case arises out of a failed business relationship between Plaintiff and Defendant. As the facts and procedural history are complex, the following is a recitation of only the facts necessary to decide this motion.[4]

---

[1] As Plaintiff explains, Plaintiff "is moving for summary judgment only on its unjust enrichment claim; if the motion is granted, it would eliminate [Plaintiff's] need to pursue the remaining claims." (ECF No. 92-1 at 5 n.1).

[2] The Court notes that on June 22-23, 2017, Defendant Silicon Valley Solutions, Inc. was dismissed from this matter and Plaintiff's motion for default judgment was granted as against such Defendant. (ECF No. 91).

[3] The Court considers any new arguments not presented by the parties to be waived. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991).

[4] Unless otherwise indicated, the following factual background is not disputed by the parties. Moreover, although Defendant has failed to comply with Local Rule 56.1 in multiple respects, the Court construes Defendant's statements of facts liberally in light of Defendant's *pro se* status.

1

In or around 2011, Plaintiff contemplated hiring Defendant and Defendant's team from his company Silicon Valley Solutions, Inc. ("SVS"). (ECF No. 92-2 ¶¶ 1, 4). The parties engaged in negotiations and appeared to have reached an agreement (the "Invoice Agreement"), whereby Plaintiff agreed to pay SVS three installments of $500,000. (*Id.* ¶ 5). Plaintiff made the initial $500,000 payment on August 17, 2011. (*Id.* ¶ 9).

Thereafter, Plaintiff terminated its relationship with Defendant and SVS and demanded return of its $500,000 payment. (*Id.* ¶ 14). Rather than return the $500,000, Defendant filed suit to collect the remaining payments under the Invoice Agreement. (*Id.* ¶ 15). The case was tried to a California jury, who returned a verdict in favor of Plaintiff on the basis that the Invoice Agreement was not binding because there was no meeting of the minds as to its terms. (*Id.* ¶ 16).

Plaintiff then filed suit in this Court on August 6, 2012. (ECF No. 1). Among other claims, Plaintiff asserts a claim for unjust enrichment based on Defendant's failure to return the $500,000 initial payment. (*Id.*).

On July 14, 2017, Plaintiff filed the instant motion for summary judgment. (ECF No. 92). Plaintiff and Defendant subsequently filed a number of additional submissions, which have been duly considered by the Court.

### III. **LEGAL STANDARD**

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to meet its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citations omitted); *see also Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact," the opponent must exceed "the 'mere scintilla' threshold . . . ."). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the non-moving party's favor. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See id.* In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

## IV. DISCUSSION

Under New Jersey law, a claim for unjust enrichment requires a showing that: (1) the defendant received a benefit from the plaintiff; (2) that the retention of the benefit would be unjust; and (3) that the plaintiff expected remuneration from the defendant at the time it performed or conferred a benefit. *See VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994); *In re K-Dur Antitrust Litigation*, 338 F. Supp. 2d 517, 544 (D.N.J. 2004).

3

Here, Defendant does not appear to contest that he received a benefit from Plaintiff. Rather, Defendant argues that Defendant "should not have any personal liability for this matter" because Plaintiff "signed an invoice with SVS" and the "$500,000 payment was issued to SVS." (ECF No. 95 ¶ 15; *see also* ECF Nos. 95-1 at 2, 95-2 ¶ 72 and 6). Nonetheless, "[w]hen parties to contract lack a meeting of the minds, a court may find the contract void and award damages, 'not based upon the existence of a contract, but rather . . . based on a quasi-contractual theory of "quantum meruit."'" *Big M, Inc. v. Dryden Advisory Grp.*, No. 08-3567, 2009 WL 1905106, at *26 (D.N.J. June 30, 2009) (citations omitted). "*Quantum meruit* is a *quasi*-contractual remedy in which a contract is implied-in-law under a theory of unjust enrichment; the contract is one that is implied in law, and 'not an actual contract at all.'" *Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 998 (3d Cir. 1987) (citations omitted).

Although Defendant contends that Defendant "should not have any personal liability for this matter" because Plaintiff "signed an invoice with SVS" and the "$500,000 payment was issued to SVS," (ECF No. 95 ¶ 15), the question at issue is not whether Defendant was a signatory to the Invoice Agreement, but rather whether an implied contract exists between the parties. *See Hershey Foods Corp.*, 828 F.2d at 998. The first inquiry in deciding whether an implied contract exists between the parties is whether a benefit was conferred on Defendant by Plaintiff.

Here, Defendant repeatedly references the benefits conferred on Defendant by Plaintiff. (*See* ECF No. 95 ¶ 14 ("The [I]nvoice [Agreement] was just a vehicle to pay the out of pocket investment to [S]alhi."); *id.* ¶ 6 ("PNY management agreed to pay the full amount to Salhi. This was a payback to cover the initial investment."); *id.* ¶ 15 ("The $500,000 payment was part of a 3-installment payment that Cohen[5] and PNY agreed to pay Salhi for his out of pocket investment in

---

[5] Gadi Cohen is the President of Plaintiff PNY Technologies, Inc. (ECF No. 92-1 at 2).

4

to SVS."); ECF No. 95-2 ¶ 49 ("As part of the negotiation and the transaction Cohen agreed to pay Salhi back the sum of $1.5M out [of] pocket investment in SVS."); *id.* ¶ 54 ("The transaction went from an acquisition of SVS -- to paying Salhi $1.5M on a consulting invoice and hire the SVS team as employees.")). Because the undisputed facts therefore confirm that Plaintiff did in fact confer a benefit on Defendant, the Court finds that Plaintiff has satisfied the first element of an unjust enrichment claim. *See Mehrnia v. New Century Bank*, No. 10-4159, 2012 WL 481282, at *4 (D.N.J. Feb. 10, 2012) (granting summary judgment on defendant's counterclaim where defendant established plaintiff received the benefit of loan proceeds advanced to plaintiff at the expense of defendant).

Moreover, a California jury has already determined that the Invoice Agreement is unenforceable because there was no meeting of the minds. (ECF Nos. 92-2 ¶ 16, 95 ¶ 14). Defendant concedes that the judgment entered in the California court is to be given full faith and credit in this Court. (ECF No. 61 at 11-14). Accordingly, it would be unjust for Defendant to keep the $500,000 payment from Plaintiff. *See Big M, Inc.*, 2009 WL 1905106, at *26-30 (finding that where there was no meeting of the minds, the remedy is to restore the parties to their original positions, including restitution to the plaintiff "in the amount by which the defendant has been enriched") (citations omitted).

Finally, it appears to be undisputed that the $500,000 payment was made by Plaintiff with the expectation that services would be provided by Defendant. (ECF No. 92-2 ¶¶ 6, 12-13; *see also* ECF No. 92-14 at 3 ("If Mr. Salhi voluntarily leaves or is terminated for cause or non performance of job duties on or before February 15, 2013 then all fees received under this invoice will be forfeited and repaid to PNY within six months of the termination date and no unpaid amount shall be paid.")). Although Defendant maintains that the Invoice Agreement "was not tied

5

to any milestones or revenue projections," (ECF No. 95 ¶ 6), Defendant cites to no "affidavits [or] other documents submitted in connection with the motion" in support of his contention. L. Civ. R. 56.1. Accordingly, Defendant has not met his burden that a genuine issue of material fact exists for trial.[6] Thus, because all of the elements necessary to establish an unjust enrichment claim have been satisfied, and no genuine issue of material fact exists as to these elements, Plaintiff's motion for summary judgment is granted. Further, the Court grants Plaintiff prejudgment interest in the amount of $55,683.20 and post-judgment interest in the amount of $34.25 per diem from July 1, 2017, until the date of entry of judgment. *See* New Jersey Court Rule 4:42-11.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is granted. Further, the Court grants Plaintiff prejudgment interest in the amount of $55,683.20 and post-judgment interest in the amount of $34.25 per diem from July 1, 2017, until the date of entry of judgment. An appropriate Order accompanies this Opinion.

Dated: February 28, 2018

CLAIRE C. CECCHI, U.S.D.J.

---

[6] Defendant contends that he does "not have access to any of the previous depositions, documents, or evidence." (ECF No. 95-1 ¶ 2). Nonetheless, on September 26, 2016, Magistrate Judge James B. Clark ordered Defendant's former attorney to provide Defendant "with a complete and accurate copy of their entire file[.]" (ECF No. 79 at 4). Defendant does not aver that his former attorney failed to provide him with such documentation, rather, Defendant maintains that "[a]ll of the documents and evidence for the following list of material facts are in [his] notebook" which was "sen[t] to [his] CA case attorney's office in 2014 and has . . . not been released back to [him]." (ECF No. 95-1 ¶¶ 3-4). Whether Defendant had access to these materials, however, does not change the fact that Defendant was provided with a complete and accurate copy of his former attorney's *entire file of this matter*. (ECF No. 79 at 4). Accordingly, even in light of Defendant's *pro se* status, the Court does not find that Defendant is excused from complying with this aspect of Local Rule 56.1. Defendant therefore does not raise a genuine issue of material fact for trial.